LEONARD J. HARNACK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harnack v. Commissioner
Docket No. 6509-80.
United States Tax Court
T.C. Memo 1981-290; 1981 Tax Ct. Memo LEXIS 454; 42 T.C.M. (CCH) 79; T.C.M. (RIA) 81290; June 15, 1981. Leonard J. Harnack, pro se. Thomas C. Borders, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 533 in petitioner's Federal income tax for 1977. The issue to be decided is whether petitioner, who was an active participant in a qualified pension plan, is entitled to a deduction for a $ 1,500 contribution to an individual retirement account. FINDINGS OF FACT At the time his petition was filed, petitioner was a legal resident of La Grange, Illinois. He filed his *455 Federal income tax return for 1977 with the Internal Revenue Service Center, Kansas City, Missouri. From January 17, 1977 through December 17, 1977, petitioner was employed as a bodyman by Thompson Chevrolet, Inc., of Villa Park, Illinois. Thompson Chevrolet and Automobile Mechanics' Local 701, IAM & AW, AFL-CIO (the union) were parties to a collective bargaining agreement which was in effect at all times during the calendar year 1977. Under this agreement, the union was recognized as the exclusive bargaining agent for, among others, all bodymen employed by Thompson Chevrolet. As a condition of his employment with Thompson Chevrolet, petitioner was required to become a member of the union after 31 days and was further required to remain in good standing. The union is the sponsor of a qualified pension plan within the meaning of section 401, [1] in which petitioner was a participant. As required by the collective bargaining agreement, Thompson Chevrolet made weekly contributions on petitioner's behalf to the plan. Petitioner subsequently terminated his employment with Thompson Chevrolet but his termination of employment did not cause a forfeiture of any of his rights to benefits *456 under the plan. During 1977, petitioner opened an individual retirement account (IRA) at La Grange Federal Savings and Loan. His total contribution to the plan during 1977 amounted to $ 1,500. On his Federal income tax return for 1977, petitioner claimed a deduction for the $ 1,500 contribution to his IRA. In the notice of deficiency, respondent disallowed the deduction. OPINION In general terms, section 219 allows a deduction for cash contributions made to an individual retirement account. Section 219(b)(2)(A)(i) provides, however, that no deduction shall be allowed "for an individual for the taxable year if for any part of such year--(A) he was an active participant in--(i) a plan described in section 401(a)." It has been stipulated that petitioner was an active participant in a qualified pension plan within the meaning of section 401(a) sponsored by the union. It has been stipulated also that, as required by the collective bargaining agreement, Thompson Chevrolet made weekly contributions on petitioner's behalf to the pension *457 plan. From these facts, we conclude that petitioner was an active participant in the plan within the meaning of section 219(b)(2)(A)(i) and that he, therefore, is not entitled to a deduction for his contributions to his individual retirement account. Petitioner has pointed out that he was 57 years of age when he started work for Thompson Chevrolet, that the plan required him to work under it for 10 years in order to qualify for a pension, and that neither he nor his union officials expected him to work that long as a bodyman. In fact, he left his employment with Thompson Chevrolet with only 2-1/4 years of credit toward a pension and, therefore, will never realize any benefits from the plan. In , affd. , however, where the legislative history of section 219 is reviewed and analyzed, the Court held that an individual is an active participant in a qualified retirement plan and not entitled to deductions under section 219 if he is accruing benefits under the plan. This is the rule even if the participant's rights to benefits are forfeitable. In , *458 on facts almost identical to those in the instant case, we reached the same conclusion. While we are aware of petitioner's sincere conviction that this result is unfair to him, we have no alternative but to follow the statutory mandate. To give effect to an issue conceded by respondent, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩